UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GELISA J. GARNER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:23-cv-01888 |
| TFC CREDIT CORPORATION OF CALIFORNIA and EXPERIAN INFORMATION SOLUTIONS, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT**

NOW comes GELISA J. GARNER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of TFC CREDIT CORPORATION OF CALIFORNIA ("TFC") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages under the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq.*, stemming from Defendants' unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1681, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Northern District of Illinois.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing in Chicago, Illinois, within the Northern District of Illinois.

6. TFC is a financial services corporation that specializes in selling educational financial products to consumers across the country, including to those in the state of Illinois. Furthermore, TFC is a furnisher of credit information to the major credit reporting agencies, including co-Defendant Experian. TFC is a corporation organized and existing under the laws of the state of California with its principal place of business located at 2010 Crown Canyon Place, Suite 300, San Ramon, California 94583.

7. Experian is regularly engaged in the business of assembling and evaluating information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties inquiring about a consumer's credit worthiness, credit standing, and credit capacity for consumers across the country, including those in the state of Illinois. Experian is a corporation organized and existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

9. The instant action arises out of Defendants' failure to remove inaccurate information reporting in Plaintiff's credit report in relation to an educational consumer debt ("subject consumer debt").

10. Prior to the actions giving rise to the claims herein, Plaintiff acquired an educational student loan from TFC, ultimately creating the subject consumer debt.

11. In or about the year 2018, Plaintiff paid off and closed her account with TFC, leaving the subject consumer debt without a balance.

12. After checking her Experian report and recognizing that the subject consumer debt was inaccurately reporting current monthly payment obligations and delinquencies, Plaintiff made multiple requests, in writing, to Experian to correct certain information regarding the TFC account appearing on her credit report. Such requests were made on or about June 6, 2022 and September 7, 2022.

13. However, in December of 2022, the subject consumer debt was still being reported on Plaintiff's Experian credit report, with negative references to the subject consumer debt.

14. As a result, on or about December 28, 2022, Plaintiff submitted another written dispute to Experian via certified mail, requesting that the subject consumer debt be removed from Plaintiff's credit report. The dispute included a copy of a letter from TFC reflecting that the subject consumer debt had been closed back in 2018 and that no money was due to TFC.

15. Experian received Plaintiff's dispute on or about January 3, 2023.

16. Upon information and belief, TFC received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Experian. *See* 15 U.S.C. § 1681i(a)(2).

17. However, on February 3, 2023, the subject consumer debt was still being reported on Plaintiff's Experian credit report, with negative references to the subject consumer debt.

18. Experian failed to reasonably investigate Plaintiff's dispute within 30 days. Specifically, Experian never provided any response to Plaintiff's dispute despite being provided clear information that the subject consumer debt was being reported inaccurately. Rather than conduct a reasonable investigation into Plaintiff's dispute, Experian simply continued to report the subject consumer debt inaccurately.

19. As such, despite having actual knowledge that the subject consumer debt was being reported inaccurately after receiving Plaintiff's dispute, Experian continued to report the subject consumer debt with the negative information that should have been completely removed from Plaintiff's credit file.

20. The reporting of the subject consumer debt by Experian is patently inaccurate and materially misleading because it paints Plaintiff's credit worthiness in a false light.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

21. The erroneous reporting of the subject consumer debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject consumer debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has certain unpaid debts or monthly obligations which is not owed by Plaintiff.

22. Further, Plaintiff applied for numerous credit opportunities, including applying for a mortgage, all of which she was denied as a result of poor credit profile that included the subject consumer debt reporting inaccurately, with delinquencies, on Plaintiff's Experian credit report.

23. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

24. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein including, specifically, out of pocket expenses, the loss of credit opportunity, decreased credit score, loss time tracking the status of her disputes, and monitoring her credit files, as well as mental and emotional pain and suffering.

25. Due to the conduct of Defendants, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
*AGAINST TFC*

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and 1681a(c).

28. TFC is a "person" as defined by 15 U.S.C. § 1681a(b).

29. TFC is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

30. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by § 1681a(d)(1).

31. TFC violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiff.

32. TFC violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian and Plaintiff, pursuant to 15 U.S.C. §1681i(a)(2).

33. Had TFC reviewed the information provided by Experian and Plaintiff, it would have corrected the inaccurate designation of the subject consumer debt and transmitted the correct information to Experian. Instead, TFC wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

34. TFC violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Experian.

35. TFC violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject consumer debt.

36. TFC violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Experian credit file.

37. TFC failed to conduct a reasonable investigation of its reporting of the subject consumer debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's Experian credit file within 30 days of receiving notice of the disputes from Experian under 15 U.S.C. §1681i(a)(1).

38. Despite the blatantly obvious errors in Plaintiff's Experian credit file, and Plaintiff's efforts to correct the errors, TFC did not correct the errors or trade line to report accurately. Instead, TFC wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's disputes to Experian.

39. A reasonable investigation by TFC would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information remains in Plaintiff's Experian credit file.

40. Had TFC taken steps to investigate Plaintiff's valid disputes or Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

41. By deviating from the standards established by the FCRA, TFC acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

WHEREFORE, Plaintiff, GELISA J. GARNER, respectfully requests that this Honorable Court enter judgment in her favor, as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Ordering TFC to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Awarding Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. § 1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

f. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
*AGAINST EXPERIAN*

42. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

43. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

44. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

45. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by § 1681a(d).

46. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

47. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

48. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

49. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

50. Plaintiff provided Experian with all relevant information in her request for investigation to reflect that the subject consumer debt was being reported inaccurately.

51. Experian nevertheless prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject consumer debt on Plaintiff's credit report notwithstanding her dispute, when in fact numerous subject consumer debt payments and delinquencies should have been removed from her credit report.

52. Experian further failed to reasonably investigate Plaintiff's dispute, as it patently failed to respond to Plaintiff's dispute within the timeframe required by the FCRA.

53. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it

furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

54. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit file.

55. Experian violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of Plaintiff's dispute to TFC. Upon information and belief, Experian also failed to include all relevant information as part of the notice to TFC regarding Plaintiff's dispute that Experian received from Plaintiff.

56. Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject consumer debt.

57. Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

58. Experian violated 15 U.S.C. § 1681i(a)(5)(B) by reporting disputed information without certification from TFC that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

59. Experian knew that the inaccurate reporting of the subject consumer debt in Plaintiff's credit files under the TFC trade line would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

60. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

61. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

62. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

63. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

64. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

65. Experian acted reprehensively and carelessly by reporting and re-reporting the subject consumer debt on Plaintiff's credit reports after Plaintiff notified Experian of the inaccurate nature of such information.

66. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

67. As stated above, Plaintiff was harmed by Experian's conduct.

WHEREFORE, Plaintiff, GELISA J. GARNER, respectfully requests that this Honorable Court enter judgment in her favor, as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Ordering that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Awarding Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

f. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.


Dated: March 27, 2023                    Respectfully submitted,

                                         s/ Nathan C. Volheim
                                         Nathan C. Volheim, Esq. #6302103
                                         *Counsel for Plaintiff*
                                         Admitted in the Northern District of Illinois
                                         Sulaiman Law Group, Ltd.
                                         2500 South Highland Ave., Suite 200
                                         Lombard, Illinois 60148
                                         (630) 568-3056 (phone)
                                         (630) 575-8188 (fax)
                                         nvolheim@sulaimanlaw.com